IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SERRA OPTIMIZATION SOLUTIONS IN LOGISTICS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>SOBREVIVE TRADING LLC, *in personam*; EIGHT PALLETS CONTAINING ALUMINUM FRAMES, PVC FABRIC, CONCRETE BLOCKS, STEEL CABINETS, AND LITHIUM-ION BATTERIES, CONSIGNED UNDER BILL OF LADING SOS24F2706, *in rem*<br><br>*Defendant.* | Civil No. 2025cv1276<br><br>In Admiralty |

## VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW,** Plaintiff, Serra Optimization Solutions in Logistics, Inc., by and through undersigned counsel, brings this Verified Complaint in Admiralty against Sobrevive Trading LLC, in personam, and eight pallets containing aluminum frames, PVC fabric, concrete blocks, steel cabinets, and lithium-ion batteries, consigned under Bill of Lading SOS24F2706, in rem, and alleges as follows:

### I. JURISDICTION AND VENUE

1. This is a maritime claim within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to Rules C and E of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Supplemental Rule C(2)(c), as the cargo which is the subject of this action is located within the District and within the possession of the Plaintiff.

## II. THE PARTIES

3. Plaintiff Serra Optimization Solutions in Logistics, Inc. ("SOS Logistics") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business at 1055 Marginal Kennedy, Suite 407, San Juan, PR 00920. It is a non-vessel operating common carrier engaged in the transportation of goods in maritime commerce.

4. Defendant Sobrevive Trading LLC is a limited liability company organized under the laws of Puerto Rico, with a business address at Calle Unión #76, Guaynabo, PR 00970.

5. Defendant cargo, consisting of eight pallets containing aluminum frames, PVC fabric, concrete blocks, steel cabinets, and lithium-ion batteries, consigned under Bill of Lading SOS24F2706, is the subject of this action and is presently located within this District in the possession of the Plaintiff.

## III. FACTUAL ALLEGATIONS

6. In or about April 2024, Defendant Sobrevive contacted Centralized Logistics Services LLC ("Centralized"), a freight broker, to arrange transportation of certain solar energy products and accessories from Union, New Jersey to San Juan, Puerto Rico.

7. The solar energy products are particularly described on invoices ESS1031 and 16816455, issued by Geneverse Energy Inc. to Sobrevive. See Exhibits 1 and 2.

8. Centralized then contacted SOS Logistics to provide such transportation. SOS Logistics issued Bill of Lading No. SOS24F2706, naming Sobrevive as consignee and subject to its terms and conditions. See Exhibits 3 and 4, Bill of Lading and Terms and Conditions Respectively.

9. The cargo, which included solar panels, batteries, and related accessories, arrived at the port of San Juan on May 2, 2024.

10. Upon arrival, Defendant Sobrevive failed to retrieve the cargo, allegedly due to issues with Puerto Rico's Department of Treasury. SOS Logistics issued multiple demands for payment and delivery instructions, which went unanswered.

11. As a result, the cargo remains unclaimed and stored in SOS Logistics' warehouse, accruing the following charges as of May 15, 2025:

   a. Demurrage Charges: $36,370.00

   b. Chassis Detention Charges: $11,265.00

   c. Warehouse Storage Charges: $2,085.75

   d. Inspection by Department of Treasury: $1,495.00

   **Total Accrued Charges as of May 21, 2025**: **$51,215.75**

11. Despite numerous demands and repeated notices, Sobrevive has failed to meet its payment obligations under the Bill of Lading. The value of the goods is being rapidly consumed by the accruing demurrage, detention, and storage fees, and Plaintiff has been left with no viable alternative but to exercise its maritime lien rights and seek judicial enforcement through arrest and sale of the cargo.

12. Clause 20 of the Bill of Lading Terms and Conditions provides:

> "The Merchant and the Goods themselves shall be jointly and severally liable for and shall indemnify the Carrier, and the Carrier shall have a lien on the Goods for all Charges and expenses of mending, repairing, fumigating, repacking, coopering, baling, reconditioning of the Goods and gathering of loose contents of packages, also for expenses for repairing containers damaged while in the possession of the Merchant. Merchant also shall be liable for demurrage on containers and any payment, expense, fine, dues, duty, tax, impost, loss, damage or detention sustained or incurred by or levied upon the Carrier, vessel or conveyance in connection with the Goods… including any action or requirement of any government or governmental authority or person purporting to act under the authority thereof… The Carrier's lien shall survive delivery of the Goods and may be enforced by private or public sale and without

notice. Carrier's lien hereunder also covers any charges payable to Carrier by Merchant under any past or future bills of lading issued by Carrier."

13. Plaintiff is entitled to enforce the maritime lien created by the Bill of Lading and applicable maritime law. The value of the goods has already been consumed by the accruing demurrage, detention, and storage fees, and Plaintiff has been left with no viable alternative but to exercise its maritime lien rights and seek judicial enforcement through arrest and sale of the cargo.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SOS Logistics respectfully requests this Court to:

A. Issue a Warrant of Arrest in rem against the cargo shipped under Bill of Lading SOS24F2706;

B. Enter judgment in favor of Plaintiff against Sobrevive Trading LLC, *in personam*, and the cargo, *in rem*, in the amount of $51,215.75, plus interest, attorneys' fees, and continuing charges until final judgment;

C. Declare that Plaintiff holds a valid and enforceable maritime lien against the cargo;

D. Order the judicial sale of the cargo pursuant to Supplemental Rule E to satisfy Plaintiff's lien;

E. Award Plaintiff such other and further relief as this Court may deem just and proper.

**Respectfully submitted**, in San Juan, Puerto Rico, this 21st day of May, 2025.

**CASTAÑER & CÍA PSC**
MAI Center
Marginal Kennedy
771 Cll 1, Ste 204
San Juan, PR 00920
Tel. (787) 707-0802
Fax:1(888) 227-5728
alberto@castanerlaw.com

Attorneys for Plaintiff

By:s/Alberto Castañer
**Alberto J. Castañer**
USDC-PR No. 225706

## VERIFIED STATEMENT

I, Gabriel Serra, declare and state as follows:

1. I am of legal age, single, a business owner, and resident of Guaynabo, Puerto Rico.

2. I am the President of Serra Optimization Services Solutions in Logistics, Inc. ("SOS Logistics"), the Plaintiff in the above-captioned admiralty proceeding.

3. I have read the foregoing Verified Complaint filed by SOS Logistics in this action, and I am familiar with the facts stated therein.

4. Based on my personal knowledge and my position as President of SOS Logistics, I declare that the factual allegations contained in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

5. I make this Verified Statement pursuant to Supplemental Rule C(2)(a) of the Federal Rules of Civil Procedure in support of Plaintiff's request for issuance of a warrant for the arrest of the cargo described in the Complaint, which is the subject of SOS Logistics' maritime lien.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of May, 2025, in Guaynabo, Puerto Rico.

Gabriel Serra
President
Serra Optimization Solutions in Logistics, Inc.